IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3009-FL

| | |
|---|---|
| MARLIN DOUGLAS SCOTT, JAMES PEARSON, and JOHNNY WESLEY ALLDRED, | )<br>)<br>) |
| Plaintiffs, | )     ORDER |
| v. | ) |
| ALVIN W. KELLER, ROBERT C. LEWIS, BETTY BROWN, JOSEPH B. HALL, and TERRI STRATTON, | )<br>)<br>) |
| Defendants. | ) |

Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983. Before the court are plaintiffs' motion to appoint counsel (DE # 7) and motion to compel discovery (DE # 23). The issues raised in these motion are ripe for adjudication.

The court first addresses plaintiffs' motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon the type and complexity of the case, and the abilities of the individuals bringing it. Branch v. Cole, 686 F.2d 264 (5th Cir. 1982); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiffs' action is not complex, and they have demonstrated through the detail of their filings that they are capable of proceeding pro se. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Further, North Carolina Prisoner Legal Services ("NCPLS") will be ordered to investigate the matter following the completion of the frivolity review, discussed below. This court has held that the plan whereby NCPLS provides legal assistance to inmates in the custody of the Department of Correction adequately protects the inmates' constitutional right of access to the courts as required by Bounds v. Smith, 430 U.S. 817, 823 (1977). See Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995). Therefore, plaintiffs' motion to appoint counsel is DENIED.

The court next conducts the frivolity review required by 28 U.S.C. § 1915. Section 1915 provides in pertinent part that courts must review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." See 28 U.S.C. § 1915(e)(2)(B). Because it does not clearly appear from the face of the complaint that plaintiffs are not entitled to relief, the complaint is not frivolous and plaintiffs' claims will be ALLOWED to proceed.

Finally, the court addresses plaintiffs' motion to compel discovery. The court generally does not intervene in the initial requests for discovery materials. Rather, it is the responsibility of the party seeking discovery to serve his request on the party from whom discovery is sought. In this case, defendants have not been served with plaintiffs' complaint. Therefore, plaintiffs' motion to compel is DENIED as premature.

2

In summary, plaintiffs' motion to appoint counsel (DE # 7) is DENIED and his motion to compel discovery (DE # 23) is DENIED as premature. Plaintiffs are ALLOWED to proceed with his action. Accordingly, the Clerk is DIRECTED to issue a separate order of investigation.

SO ORDERED, this the 7th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge